UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA CAUSER, ET AL. | CIVIL ACTION |
| VERSUS | |
| SHERIFF JASON ARD, INDIVIDUALLY AND IN HIS CAPACITY AS HEAD OF THE LIVINGSTON PARISH, ET AL. | NO. 18-779-SDD-RLB |

# ORDER

Before the Court is Defendants' Motion to Stay Discovery (R. Doc. 19) filed on November 14, 2018. The motion is opposed. (R. Doc. 34). Defendants filed a Reply. (R. Doc. 37).

On August 20, 2018, Lisa Causer, Glenn Clauser, and Bradi Causer (collectively, "Plaintiffs") commenced this civil rights action against Sheriff Jason Ard, individually and as head of the Livingston Parish Sheriff's Office, Deputy Dakota Naquin, and Deputy (First Name Unknown) Winburn (collectively, "Defendants"). (R. Doc. 1). Plaintiffs raise various federal and state law claims arising from a 911 call placed by Glenn and Lisa Causer, including alleged injuries sustained as a result of the arrest of Lisa Causer.

On November 2, 2018, Sheriff Ard and Deputy Winburn filed motions to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting the defense of qualified immunity. (R. Docs. 17, 18). That same day, Deputy Naquin filed an answer. (R. Doc. 16).

On November 14, 2018, Defendants filed the instant Motion seeking a stay of discovery because (1) Sheriff Ard and Deputy Winburn have filed motions to dismiss on the basis of qualified immunity and (2) criminal charges remained pending against Lisa Causer arising out of the subject incident. (R. Doc. 19).

On November 29, 2018, the Court held a scheduling conference with counsel for the parties, stayed discovery pending resolution of the instant Motion, and extended the deadline for opposing the Motion until after Lisa Causer's criminal trial. (R. Doc. 25).

On December 21, 2018, Plaintiffs filed an Opposition, arguing that the Court should not stay discovery in light of the defenses of qualified immunity raised in the motions to dismiss, and that a stay of discovery is not otherwise warranted because Lisa Causer's criminal case has been resolved. (R. Doc. 34).

On January 15, 2019, Defendants filed a Reply, reasserting that a stay of all discovery is appropriate in light of the pending motions to dismiss. (R. Doc. 37).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their

conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive[.]" *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)). Accordingly, the Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe*, 691 F.3d at 648. Under this procedure, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Id.* (citing *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face"—excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth")). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe*, 691 F.3d at 648. "*After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Id.* (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

Having reviewed the pleadings, the pending motions to dismiss, and the arguments of the parties, the Court finds it appropriate to maintain its stay of discovery until resolution of the pending motions to dismiss. Discovery is inappropriate with respect to Sheriff Ard and Deputy Winburn until the district judge has determined that the Complaint asserts facts which, if true,

3

would overcome the defense of qualified immunity raised by these defendants. *See Backe*, 691 F.3d at 648. Furthermore, considering the underlying factual allegations in the Complaint, allowing discovery to proceed against Deputy Naquin would inappropriately subject Sheriff Ard and Deputy Winburn to the burdens of discovery. *See Iqbal*, 556 U.S. at 685-86 ("It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.").

**IT IS ORDERED** that Defendants' Motion to Stay Discovery (R. Doc. 19) is **GRANTED.** Discovery shall remain **STAYED** in this action until the resolution of Defendants' Motions to Dismiss (R. Docs. 17, 18). Should rulings be issued on the pending Motions to Dismiss, counsel shall immediately contact the undersigned so that appropriate action may be taken.

Signed in Baton Rouge, Louisiana, on January 29, 2019.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**